Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | HARRY D. LEINENWEBER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3606 | **DATE** | 7/9/2010 |
| **CASE TITLE** | Joshua Kaszuba (#R-13047) vs. Johnnie Franklin, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. However, the complaint is dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state an actionable civil rights claim. The case is terminated. Dismissal is without prejudice to pursuing any civil cause of action the plaintiff may have in state court, or via habeas corpus. The trust fund officer at the plaintiff's place of confinement is authorized and ordered to make deductions from the plaintiff's account and payments to the clerk of court in accordance with this order. The clerk is directed to mail a copy of this order to the trust fund officer at the Stateville Correctional Center. This dismissal counts as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]

**Docketing to mail notices.**
Mailed AO450 form.

## STATEMENT

    The plaintiff, a state prisoner, has filed a *pro se* "complaint for a temporary restraining order" presumably pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, officials at the Stateville Correctional Center, violated the plaintiff's constitutional rights by denying him due process. More specifically, the plaintiff alleges that the defendants denied a request to recuse themselves from participating in a disciplinary hearing even though they were biased against the plaintiff. The plaintiff, who was found guilty of the unspecified disciplinary infraction(s), seeks a preliminary injunction ordering his release from punitive segregation.

    The court finds that the plaintiff is unable to prepay the filing fee. Accordingly, the court grants the plaintiff's motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $9.05 pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. Thereafter, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect
**(CONTINUED)**

mjm

to each action or appeal filed by the plaintiff. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number.

However, under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting the plaintiff's factual allegations as true, the court finds that the complaint fails to state a claim as a matter of law.

The plaintiff may not challenge his disciplinary conviction by way of a civil rights action. "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). This holding has been extended to judgments in prison disciplinary proceedings. *See Edwards v. Balisok*, 520 U.S. 641, 644-45 (1997). Until the sentence has been invalidated, the cause of action for damages simply "does not accrue." *Heck*, 512 U.S. at 490.

If verified, the plaintiff's claim that the defendants were biased against him would necessarily call into question the validity of his disciplinary conviction. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) *Lusz v. Scott*, 126 F.3d 1018, 1021-22 (7th Cir. 1997). The plaintiff therefore has no tenable claim under 42 U.S.C. § 1983. Consequently, the complaint is dismissed on preliminary review pursuant to 28 U.S.C. § 1915A. Dismissal is without prejudice to pursuing any cause of action the plaintiff may have either in state court, or via habeas corpus. The plaintiff is advised that the rules governing habeas corpus under 28 U.S.C. § 2254 require timely exhaustion of state court remedies before the federal court can consider granting habeas relief.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."